IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZAMIRAH MARIE MORTON,** : | **CIVIL ACTION NO. 1:25-CV-1452** |
| : | |
| **Petitioner** : | **(Judge Neary)** |
| : | |
| v. : | |
| : | |
| **WARDEN ADAM OGLE,** : | |
| : | |
| **Respondent** : | |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Zamirah Marie Morton, seeks a writ of habeas corpus and emergency injunctive relief to enjoin her criminal prosecution in the York County Court of Common Pleas. The petition will be dismissed without prejudice for failure to exhaust state court remedies.

**I.      Factual Background & Procedural History**

Morton, who is a pretrial detainee in York County Prison, filed this case on August 5, 2025. (Doc. 1). Morton alleges that her detention and criminal charges are unlawful. (Id. at 2). Specifically, she asserts that her charges and detention are not supported by a signed affidavit of probable cause, that her criminal charges have been unlawfully refiled after initially being dismissed, that she is being detained solely because of her inability to pay fines, and that she has been denied appropriate pretrial discovery and assistance of counsel. (Id. at 6-7). She acknowledges that she has not appealed any of her claims to higher state courts in

Pennsylvania. (Id. at 2-3). She seeks immediate release from custody and a court order enjoining her prosecution in the court of common pleas.

## II.    Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III.    Discussion

Petitioners seeking habeas corpus relief prior to final conviction and sentence in state court may only obtain such relief if (a) they make "a special showing of the need" for habeas corpus relief and have exhausted state court remedies or (b) "extraordinary circumstances" justify habeas corpus relief. Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (citing Braden v. 30th Judicial Cir. Ct. of Kentucky, 410 U.S. 484 (1973)). To exhaust state court remedies, a petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In Pennsylvania, exhaustion may be completed by appealing to the Pennsylvania Superior Court; an appeal to the Pennsylvania Supreme Court is not necessary. Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004).

Here, Morton acknowledges that she has not exhausted state court remedies, and she has not presented any extraordinary circumstances that would justify

granting habeas corpus relief while her state criminal charges remain pending. It appears from the face of the petition that Morton's arguments may be raised in the court of common pleas in the ordinary course and, if necessary, on appeal to Pennsylvania's appellate courts. Thus, the petition will be dismissed without prejudice.

## IV.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   August 11, 2025